UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ETHEL ROSS AND EULA EVANS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-11023** |
| **MOHAVE TRANSPORTATION INSURANCE CO, ET AL** | **SECTION: "S" (4)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **Motion for Summary Judgment** on Medical Causation Against Plaintiff Ethel Ross (Rec. Doc. 18), and **Motion for Partial Summary Judgment** to dismiss the claims by Plaintiff Eula Evans related to her C3-4 neck problems (Rec. Doc. 19) are **DENIED**.

BACKGROUND

On October 26, 2017, plaintiff Ethel Ross was driving a vehicle on I-55 in Tangipahoa Parish in which plaintiff Eula Evans was a passenger, when it collided with an 18-wheeler. The 18-wheeler was being operated by defendant Tobias Williams, and was owned by defendant Swift Transportation Insurance Company of Arizona, LLC and/or Swift Leasing Company, and insured by defendant Mohave Transportation Insurance Company (hereinafter, collectively "Swift"). Following the accident, both plaintiffs were treated for injuries to their cervical and lumbar spines. They each filed suit against Swift for damages resulting from the accident.

Swift has now moved for summary judgment against both plaintiffs on medical causation, arguing that plaintiffs' injuries preexisted the accident and were not caused by it. In

support, defendants have submitted the opinion testimony of Dr. Gabriel Tender, a neurosurgeon who performed an independent medical examination on both plaintiffs. It is Dr. Tender's opinion that Ross' cervical disc problems at C5-6 were essentially the same before and after the October 2017 accident, and that the disc problems for which Ross received surgery in August 2018 pre-existed and were not aggravated by the accident. Likewise, with respect to Evans, Dr. Tender has opined that Evans' disc problems at disc C3-4 were essentially the same before and after the Swift accident, and that the October 2017 accident did not cause Evans' disc problems for which she had surgery in August 2018, but rather, they were the result of a prior accident.

Plaintiffs oppose the motions, and while they do not dispute the presence of pre-existing conditions, they have submitted the testimony of their treating physicians that the October 2017 accident caused or aggravated existing injuries. Specifically, Dr. Marco Rodriguez, one of Ross's treating physicians, testified that her symptoms and need for treatment were caused by the October 26, 2017 motor vehicle accident. Dr. Rodriguez explained that Ross' spinal discs suffered anatomical alteration and became symptomatic as a result of the subject accident. Likewise, Ross's treating surgeon, Dr. Lori Summers, testified that she was aware of Ross's pre-existing condition, but that she felt the injuries that required her to perform surgery were causally related to the October 2017 accident. With respect to Evans, Dr. Summers opined that her prior accident could certainly have caused Evans to need treatment to neck pain, "but as far as the need for surgery, I would attribute that to the [October 2017] accident with the 18-wheeler."

## DISCUSSION

*Summary Judgment standard*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

*Negligence under Louisiana law*

Under Louisiana law, to prevail on a claim for negligence, the plaintiff must prove: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the

3

defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). Lemann v. Essen Lane Daiquiris, Inc., 923 So.2d 627, 633 (La. 2006) (citations omitted). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Id.

"Where defendant's negligent action aggravates a preexisting injury or condition, he must compensate the victim for the full extent of his aggravation." American Motorist Ins. Co. v. American Rent-All, Inc., 579 So. 2d 429, 433 (La. 1991).

In Housley v. Cerise, 579 So. 2d 973 (La. 1991), the Supreme Court of Louisiana established a presumption of causation to aid plaintiffs in negligence cases. Under the Housley presumption,

> [a] claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.

579 So. 2d at 980 (La. 1991), quoting Lukas v. Insurance Company of North America, 342 So.2d 591 (La.1977). If a plaintiff demonstrates that she is entitled to the presumption, the burden of proof on causation shifts to the defendant. Harvey v. Hall, 2018 WL 5793051, at *1 (E.D. La. Nov. 5, 2018). To defeat the presumption, a defendant must show some other particular incident

4

could have caused the injury in question. Id. (citing Maranto v. Goodyear Tire & Rubber Co., 650 So. 2d 757 (La. 1995).

Defendants herein contend they are entitled to summary judgment because plaintiffs are ineligible to take advantage of the Housley presumption, because before the accident plaintiffs were not in good health. First, the court notes that whether a plaintiff is entitled to a Housley presumption is not dispositive of the question of causation, rather it merely results in a burden-shifting to the defendant on the question of causation. Accordingly, the fact that the Housley presumption is not applicable to plaintiffs in this case does not mandate summary judgment in defendant's favor.

But more critically, in the present case, plaintiffs have not invoked the Housley presumption. They acknowledge their pre-existing conditions, and rather than arguing that their pre-accident health status entitles them to a presumption of causation, they have instead submitted testimony to the effect that the subject accident aggravated their pre-existing conditions.

The court has reviewed the submitted deposition testimony, and, in contrast to Dr. Tender's opinions, both Dr. Rodriguez and Dr. Summers attribute some portion of plaintiffs' injuries to the Swift accident. Thus, plaintiffs have identified a genuine, material fact issue on the question of causation, that is not amenable to resolution by the court via summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that defendants' **Motion for Summary Judgment** on Medical Causation Against Plaintiff Ethel Ross (Rec. Doc. 18), and **Motion for Partial**

**Summary Judgment** to dismiss the claims by Plaintiff Eula Evans related to her C3-4 neck problems (Rec. Doc. 19) are **DENIED**.

New Orleans, Louisiana, this  18th   day of May, 2020.

_____
      **MARY ANN VIAL LEMMON**
      **UNITED STATES DISTRICT JUDGE**